**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2100
_____

WILLIAM DUNLEAVY, IV; ERIN E. FRANCIS,
Appellants

v.

MID-CENTURY INSURANCE COMPANY, doing business as FARMERS
INSURANCE COMPANY, INC.; FARMERS INSURANCE GROUP

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-19-cv-01304)
District Judge:  J. Nicholas Ranjan
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 18, 2021
_____

Before: SHWARTZ, MATEY, and TRAXLER, Circuit Judges.[*]

(Filed:  March 18, 2021)
_____

OPINION[**]
_____

---

[*] The Honorable William Byrd Traxler, Jr., United States Circuit Judge for the Court of Appeals for the Fourth Circuit, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

William Dunleavy and Erin Francis ("Plaintiffs") were injured in a motorcycle

accident and sought underinsured motorist coverage under their automobile policy with

Mid-Century Insurance Company ("Mid-Century"). Because the District Court correctly

held that the Mid-Century policy excluded underinsured motorist coverage for Plaintiffs'

motorcycle, we will affirm the order granting Mid-Century's motion for judgment on the

pleadings.

I

Plaintiffs were riding on Dunleavy's motorcycle when they crashed with a car.

Plaintiffs were injured. The car's insurance policy contained a $100,000 liability limit,

which was paid to Plaintiffs, but the amount did not fully compensate them for their

injuries. Because the car was underinsured, Dunleavy sought compensation based upon

other coverage.

Dunleavy's motorcycle was insured by Progressive, but he rejected underinsured

motorist coverage on that policy. As a result, Plaintiffs sought underinsured motorist

coverage under their Mid-Century automobile policy. The Mid-Century policy did not

list the motorcycle and excluded underinsured coverage for "bodily injury sustained by

you or any family member while occupying or when struck by any motor vehicle owned

by you or any family member which is not insured for this coverage under any similar

form." App. 67 (emphasis omitted). Based on this exclusion, Mid-Century disclaimed

coverage, explaining that Plaintiffs were not entitled to underinsured coverage because

"the vehicle [Plaintiffs] were occupying is owned by [them], [they] did not list it on

2

[their] Mid-Century policy and [they] did not elect Uninsured/Underinsured Motorist Coverage on [their Progressive motorcycle policy]." App. 86.

Plaintiffs sued Mid-Century, alleging breach of contract, bad-faith insurance practices, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Mid-Century counterclaimed for a declaratory judgment, seeking a declaration that its denial decision was appropriate, and filed a motion for judgment on the pleadings. The District Court granted Mid-Century's motion and entered a declaratory judgment in its favor. Plaintiffs appeal.

II[1]

When interpreting insurance contracts, "[t]he proper focus regarding issues of coverage . . . is the reasonable expectation of the insured." Frain v. Keystone Ins. Co., 640 A.2d 1352, 1354 (Pa. Super. Ct. 1994). To determine those expectations, "courts must examine the totality of the insurance transaction involved." Id. "In most cases, the

___

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's order granting judgment on the pleadings under Fed. R. Civ. P. 12(c) de novo. See In re Fosamax (Alendronate Sodium) Prod. Liab. Litig. (No. II), 751 F.3d 150, 156 n.11 (3d Cir. 2014). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth. of N.Y., N.J., 598 F.3d 128, 134 (3d Cir. 2010). That is, a motion for judgment on the pleadings should be granted if the movant shows that "there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." Zimmerman v. Corbett, 873 F.3d 414, 417-18 (3d Cir. 2017).

language of the insurance policy will provide the best indication of the content of the parties' reasonable expectations." Liberty Mut. Ins. Co. v. Treesdale, Inc., 418 F.3d 330, 344 (3d Cir. 2005) (quoting Reliance Ins. Co. v. Moessner, 121 F.3d 895, 903 (3d Cir. 1997)). Thus, an insured typically "may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous." West v. Lincoln Ben. Life Co., 509 F.3d 160, 169 (3d Cir. 2007) (quoting Frain, 640 A.2d at 1354).

Plaintiffs' Mid-Century policy unambiguously excludes underinsured coverage for "any motor vehicle owned by you or any family member which is not insured for this coverage under any similar form." App. 67. Dunleavy rejected underinsured motorist coverage for his motorcycle and thus it did not have underinsured coverage.[2] Thus, Mid-Century's underinsured provision did not cover the motorcycle and Plaintiffs could not have reasonably expected coverage.[3]

---

[2] Plaintiffs argue that the District Court "employed a faulty methodology" by considering the motorcycle policy because it is "irrelevant" to this case. Appellant's Br. at 7. Plaintiffs are incorrect. The District Court appropriately examined the motorcycle policy because the Mid-Century policy required consideration of the insurance status of the vehicle Plaintiffs occupied at the time of the accident to determine if coverage was available. See App. 67 (excluding underinsured coverage for "any motor vehicle owned by you or any family member which is not insured for this coverage under any similar form").

[3] Plaintiffs' reliance on Gallagher v. GEICO Indem. Co., 201 A.3d 131 (Pa. 2009), is misplaced. Gallagher addressed the concept of stacking underinsured motorist coverage. Section 1738 of the Motor Vehicle Financial Responsibility Law ("MVFRL") establishes a default of stacked underinsured coverage "[w]hen more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage" and permits insureds to waive that coverage only by signing the statutorily prescribed form. See 75 Pa. Cons. Stat. § 1738. In Gallagher, the plaintiff bought underinsured motorist coverage for his motorcycle and car under separate policies issued

Eichelman v. Nationwide Insurance Company, 711 A.2d 1006 (Pa. 1998),

supports this conclusion.  In that case, the plaintiff—like Plaintiffs here—had motorcycle

insurance but did not have underinsured motorist coverage under his motorcycle policy

when his motorcycle was struck by a pick-up truck.  Id. at 1007.  After that accident, the

plaintiff sought coverage under the underinsured provision in his mother's and her

husband's automobile policies.  Id.  Those automobile policies, however, contained a

clause excluding underinsured coverage for "a motor vehicle owned by you or a relative

not insured for Underinsured Motorists coverage under this policy."  Id.  The Court

determined that

> a person who has voluntarily elected not to carry underinsured motorist
> coverage on his own vehicle is not entitled to recover underinsured motorist
> benefits from separate insurance policies issued to family members with
> whom he resides where clear and unambiguous 'household exclusion'
> language explicitly precludes underinsured motorist coverage for bodily
> injury suffered while occupying a motor vehicle not insured for underinsured
> motorist coverage.

---

by Geico, paid a premium to stack his underinsured coverage, and never signed the
statutory form waiving such coverage.  201 A.3d at 132-33.  Geico sought to rely on an
exclusion in the automobile policy, which eliminated coverage for "bodily injury while
occupying or from being struck by a vehicle owned or leased by you or a relative that is
not insured for Underinsured Motorists Coverage under this policy."  Id. at 133.  The
court held that the clause was invalid because it acted "as a de facto waiver of stacked
[underinsured motorist] coverage" without complying with the "statutorily-prescribed . . .
waiver form."  Id. at 138.  In sum, Gallagher prevents insurance companies from
circumventing the statutorily prescribed method for an insured to waive stacked coverage
through household vehicle exclusions that act as de facto waivers of stacked coverage.
Here, there is no stacked coverage because Dunleavy rejected underinsured motorist
coverage on his motorcycle policy.

Id. at 1010.[4]

Here, as in Eichelman, Dunleavy waived underinsured motorist coverage in his motorcycle policy and Plaintiffs tried to secure underinsured coverage through a separate policy. In both cases, the policy under which coverage was sought clearly stated that the coverage was unavailable if the vehicle in which the accident occurred did not itself have underinsured motorist coverage. Based on such language, the parties here and in Eichelman had no reasonable basis to expect coverage.

Moreover, the lack of premium payments supports applying the exclusion. See id. ("[T]here is a correlation between premiums paid by the insured and the coverage the claimant should reasonably expect to receive." (quoting Hall v. Amica Mut. Ins. Co., 648 A.2d 755, 761 (Pa. 1994))). Plaintiffs did not list their motorcycle on the Mid-Century policy and did not pay a premium to any insurer to secure underinsured coverage for it.[5]

---

[4] Gallagher does not affect Eichelman. Both cases make clear that insurers and insureds should receive bargained-for premiums and benefits, consistent with statutory requirements, but Gallagher only implicates stacking. In Gallagher, the insurer knew about the added risks it insured against when stacking policies and charged a premium for them, thus there was "no reason" it could not comply with the MVFRL's directives to offer stacked policies unless it secured a waiver complying with § 1738. 201 A.3d at 138. In Eichelman, the plaintiff (1) "chose not to purchase underinsured motorist coverage" and thus paid reduced insurance premiums for his motorcycle insurance; and (2) had no reasonable basis to expect that his mother's and her husband's policies could cover him because (a) he admitted that he did not know that the policies could have covered him, and (b) his mother and her husband did not pay premiums that would have reflected that the insurer understood it would provide underinsured coverage on a motorcycle that did not itself have underinsured coverage. 711 A.2d at 1010.

[5] Plaintiffs argue that they paid a premium to secure stacked underinsured coverage under the Mid-Century policy. As explained, however, there is only one source of possible coverage and hence no opportunity for inter-policy stacking. Furthermore, the Mid-Century policy's exclusion of underinsured coverage for the motorcycle did not prevent stacking. Rather, Dunleavy's decision to waive underinsured motorist coverage

Had Mid-Century known about the added risk of Dunleavy's motorcycle, it could have adjusted the underinsured coverage premiums to account for that risk.  Cf. id. (denying coverage in part because insurer did not know of the plaintiff when it issued policies and because his mother's and her husband's premiums did not show their intent to provide underinsured motorist coverage to him).  As a result, Plaintiffs could not have reasonably expected that the Mid-Century policy provided underinsured coverage for the motorcycle.

III

For the reasons stated above, we will affirm.

---

on his motorcycle policy did as his waiver lead him to be denied coverage under the policy.